1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 ARRIS ENTERPRISES LLC,                    Case No. 17-cv-02669-BLF

8              Plaintiff,

9        v.                                 **ORDER GRANTING MOTION TO STAY**

10 SONY CORPORATION, et al.,                [Re: ECF 31]

11              Defendants.

12

13        Plaintiff Arris Enterprises LLC ("Arris") brings this suit, alleging that Defendants – Sony

14 Corporation, Sony Corporation of America, Sony Electronics Inc., Sony Interactive Entertainment

15 Inc., Sony Interactive Entertainment LLC, Sony Interactive Entertainment America LLC, and

16 Sony Mobile Communications (USA) Inc. (collectively, "Sony") – infringe its patents.  Before the

17 Court is Sony's motion to stay all proceedings in this action until the final resolution of *Certain*

18 *Consumer Electronic Devices, Including Televisions, Gaming Consoles, Mobile Phones and*

19 *Tablets, and Network-Enabled DVD and Blu-Ray Players*, 337-TA-1060 (May 9, 2017) (the "ITC

20 Action"), currently before the International Trade Commission.  Pursuant to Civil Local Rule 7-

21 1(b), the Court finds the instant motion suitable for decision without oral argument and hereby

22 VACATES the hearing set for November 30, 2017.  For the reasons set forth below, the Court

23 GRANTS Sony's motion.

24 **I.    BACKGROUND**

25        ARRIS sells products "for video delivery and display (*e.g.*, content delivery and

26 acquisition, video infrastructure, delivery networks, and end user devices)."  Compl. ¶ 27, ECF 1.

27 On May 9, 2017, Arris filed a complaint against Sony in the instant case, alleging that the accused

28 products, such as televisions and gaming consoles, infringe five of its patents relating to software

for operating, using, and interfacing with digital media content. *See, e.g.*, *id.* ¶ 28. On the same day, Arris also filed a complaint with the International Trade Commission ("ITC"), alleging infringement by Sony of six patents involving the same accused products. *See* Mot. 1, 4-5, ECF 31; Opp'n 6, 9, ECF 43. On June 13, 2017, the ITC instituted its investigation. *See* Opp'n 2. Four of the patents at issue in the ITC Action are also in dispute before this Court: U.S. Patent Nos. 6,473,858; 6,934,148; 7,752,564; and 9,521,466 (collectively, "the overlapping patents"). The parties agree that the statute mandates a stay of claims in connection with the overlapping patents. *See* Opp'n 2; 28 U.S.C. § 1659(a) ("[T]he district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission."). The remaining dispute is whether U.S. Patent No. 6,944,880 ("the non-overlapping patent") asserted in this case, but not before the ITC, should be stayed until the conclusion of the ITC proceeding.

## II.    LEGAL STANDARD

"Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, No. 09-2493, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted)).

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Gustavson v. Mars, Inc.*, Case No. 13-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original). These factors are drawn from the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). *Id.* "If there is even a fair possibility that a stay will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of

1  hardship or inequity." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,

2  1066 (9th Cir. 2007) (internal quotation marks omitted) (citing *Landis*, 299 U.S. at 255).

3  **III.  DISCUSSION**

4      **A.  Possible Damage from Granting Stay**

5          The Court first considers the possible damage that could arise from granting the stay.

6  Sony argues that any recovery Arris is entitled to can be compensated by monetary damages.  Mot.

7  6.  Sony further contends that Arris' failure to move for a preliminary injunction confirms that no

8  harm would result from a stay.  *Id.* at 7; Reply 4, ECF 45.  According to Sony, the non-

9  overlapping patent is also patent-ineligible so Arris would not be able to show a likelihood of

10  success.  Mot. 7-8.  Sony also argues that there can be no irreparable harm given that Arris and

11  Sony are not direct competitors.  *Id.* at 8; Reply 4.  Arris counters that its decision not to move for

12  a preliminary injunction should not negate the damage it may suffer.  Opp'n 5.  Arris further

13  argues that waiting several years until the resolution of the ITC Action and related appeal would

14  deprive it of its right to assert the non-overlapping patent.  *Id.*  Arris also contends that the

15  potential loss of testimonial and documentary evidence is prejudicial.  *Id.*

16          The Court agrees with Arris that its failure to seek a preliminary injunction does not

17  necessarily suggest that it would suffer no harm from a stay.  *See, e.g.*, *Verinata Health, Inc. v.*

18  *Ariosa Diagnostics, Inc.*, No. 12-05501-SI, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014)

19  (noting that "[a] party may decide to forego seeking a preliminary injunction for a variety of

20  reasons having nothing to do with its view of the merits") (citation omitted).  However, Arris fails

21  to address Sony's arguments that the parties are not direct competitors, and makes no showing

22  how it will suffer irreparable harm from Sony's alleged continued infringement of the non-

23  overlapping patent.  *See Open Text, S.A. v. Box, Inc.*, 36 F. Supp. 3d 885, 906 (N.D. Cal. 2014)

24  (noting on a preliminary injunction motion, that "the potential harm in allowing the defendant to

25  continue its infringing conduct is probably at its greatest" in "a market where only two parties are

26  directly competing").  Similarly, Arris does not explain why any harm it will allegedly suffer

27  cannot be remedied by monetary damages.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir.

28  1962) (finding no irreparable damages because the relief sought was solely money damages).

1    Thus, the only potential harm from a delay in litigating the non-overlapping patent according to

2    Arris is the risk of lost and destroyed evidence, as well as fading witness memories.  Given that

3    the potential risk of lost evidence is the sole purported harm from a stay, this factor weighs only

4    slightly against a stay.

5                      **B.      Possible Hardship or Inequity from Denying Stay**

6           The Court next considers the possible hardship or inequity that could arise from going

7    forward.  *CMAX*, 300 F.2d at 268.  Sony contends that if the stay is denied, it would be required to

8    litigate "essentially two separate actions with overlapping and duplicative discovery."  Mot. 9.

9    According to Sony, the patents and the accused products at issue here and in the ITC Action

10   involve similar technology, and proceeding with parallel litigation would lead to duplicative

11   efforts.  *Id.*  In opposition, Arris argues that risk of duplicative discovery is insufficient to justify a

12   stay.  Opp'n 7.  Arris avers that Sony is a sophisticated company and has the resources to litigate

13   in multiple venues.  *Id.*  Lastly, Arris claims that Sony's intent to proceed with the motion to

14   dismiss in this case undermines Sony's argument that it would suffer hardship if the case were to

15   proceed.  *Id.* at 6.

16          Forcing the parties to litigate the non-overlapping patent in the present case would create

17   additional discovery that goes beyond the mere effort of defending a lawsuit, and would prejudice

18   Sony.  *Cf. Lockyer v. Mirant*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[D]efend[ing] a suit, without

19   more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").

20   One example of potential overlapping discovery is the depositions of witnesses who are

21   knowledgeable on the accused products and at least one overlapping inventor between the non-

22   overlapping patent and those asserted in the ITC.  Without a stay, the parties would have to

23   conduct multiple depositions of the same witnesses because of their ability to speak only to the

24   non-overlapping patent while the overlapping patents are stayed.  There will also be significant

25   overlap in discovery in other respects because of the similar technology and products asserted in

26   both the ITC proceeding and the instant action.  Relying on *Am. Honda Motor Co. v. Coast*

27   *Distribution Sys., Inc.*, Arris argues that duplicative discovery is not sufficient hardship in favor of

28   a stay.  Opp'n 7 (citing No. 06-04752-JSW, 2007 WL 672521, at *1 (N.D. Cal. Feb. 26, 2007)).

1    However, *Am. Honda* has limited application here because there, the defendant moving for a stay

2    was not a party to the ITC proceeding, unlike Sony in this case. *Id.*

3         Additionally, Arris does not dispute that the overlapping and the non-overlapping patents

4    are directed to similar technology and asserted against the same Sony products, but only that the

5    similarities are superficial. Opp'n 9. Arris further claims that only if the accused functionalities

6    and the substantive issues are the same would a stay be warranted. However, the only case relied

7    upon by Arris to support this argument, *LG Electrics, Inc. v. Eastman Kodak Co.*, was confronted

8    with circumstances distinguishable from the present case. No. 09-0344, 2009 WL 1468703, at *4

9    (S.D. Cal. May 26, 2009). The court in *LG Electrics* denied a motion to stay in a case where none

10   of the asserted patents overlapped with patents asserted in an ITC proceeding. *Id.* In denying the

11   motion, the court reasoned that the patents are not sufficiently similar to the patents asserted in the

12   ITC proceeding. *Id.* In contrast, four of the five patents asserted in this case overlap with those in

13   the ITC Action so the Court does not find *LG Electrics* to be persuasive.

14        Turning to Arris' contention that Sony cannot argue in good faith that there would be

15   hardship, the Court finds this contention without merit. Arris avers that the representations Sony

16   made in various filings relating to the motion to dismiss pending in this case and in other cases

17   undercut the argument for hardship. Opp'n 6-7. The Court declines to consider any argument

18   pertaining to documents that the Court has already stricken. ECF 40 (striking statements docketed

19   at ECF 34, 35, and 36; and terminating emergency motions). Thus, Arris' arguments referencing

20   those documents will not be considered. *See* Opp'n 2 n.4, 6, 14-17. The Court further finds

21   irrelevant Sony's statements made in other unrelated cases. *See id.* at 7-8. Although Arris feels

22   the need to "respond[] to Sony's allegations of misconduct," the Court finds no such allegations in

23   Sony's motion to stay. To the extent such allegations of misconduct were made in the stricken

24   documents, Arris' proffered response is not only moot but only serves to distract from the motion

25   to stay at hand.

26        In sum, recognizing the potential burden for both parties stemming for duplicative efforts,

27   the Court finds that the potential hardship from denying the stay weighs in favor of granting it.

28

5

## C. Orderly Course of Justice

Turning now to the third factor–whether a stay will complicate or simplify the issues, Sony first argues that if there is no stay, having the case proceed in two separate tracks with a dual schedule would not be in the interest of judicial economy. Mot. 10. Sony also asserts that a stay would allow this case to benefit from the rulings and the discovery from the ITC Action given the similarities among the patents, the technologies, and the accused products. *Id.* Sony further claims at the time the stay motion was filed, that it planned to file a petition for an inter partes proceeding ("IPR") against the non-overlapping patent, another reason in favor of a stay. In opposition, Arris underscores that the ITC findings are not binding on this Court and that the ITC rulings have limited utility regarding the non-overlapping patent. Opp'n 8. Specifically, Arris notes that Sony points to no substantive issues of fact and law that would overlap with the ITC Action. *Id.* at 9.

The Court recognizes that the claims directed to the non-overlapping patent might differ in certain aspects from those directed to the overlapping patents. However, the parties do not dispute that the ITC Action and this case still share many similarities and involve the same accused products. Even though the ITC rulings are not binding on this Court, the discovery and the rulings can still benefit this case. Having this case proceed on two different schedules also does not serve the interest of judicial economy. Moreover, the impact on this Court would be significant – absent a stay, the Court would be compelled to empanel two juries and conduct pretrial proceedings in separate sequence. Accordingly, the Court finds that the third factor weighs strongly in favor of granting the stay.

In light of the discussion above, the Court need not reach the issue concerning Sony's IPR petition. At the time Sony filed its stay motion, no IPR petition was filed so the Court declines to consider an event that has yet to occur to evaluate the stay motion. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (holding that in the context of a stay motion, "[g]enerally, the time of the motion is the relevant time to measure the stage of litigation"). By the time Sony filed the reply in support of its motion to stay on July 31, 2017, Sony represents to the Court that it has filed an IPR petition challenging the claims of the non-

overlapping patent. Reply 8-9. The Court recognizes its discretion to consider evidence that develops after the date of the stay motion, *VirtualAgility*, 759 F.3d at 1316 n.6, but declines to exercise this discretion. Moreover, an analysis based on the IPR petition would not alter this Court's decision to grant the stay in light of the *Landis* factors discussed above. In the event that the IPR proceeding is not concluded before or around the same time as the ITC Action, the Court will not preclude a party from moving to continue the stay until the conclusion of the IPR proceeding.

## IV.    ORDER

The Court finds that the *Landis* factors weigh in favor of a stay of the non-overlapping patent based on the likely benefit the resolution of the ITC Action may bring, the possible hardship in duplicative litigation, and the inadequate showing of substantial harm to Arris. Because the overlapping patents are also stayed pursuant to 28 U.S.C. § 1659, the Court GRANTS Sony's motion to stay the entire case until the resolution of the ITC Action. In light of the stay, the Court VACATES the initial case management conference currently set for August 31, 2017, and TERMINATES without prejudice Sony's Motion to Dismiss the Complaint. The parties shall jointly submit a status update on or before October 20, 2018, on the ITC Action and the IPR proceeding.

Dated: August 1, 2017

_____
BETH LABSON FREEMAN
United States District Judge

7